**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4017**

———————————

UNITED STATES OF AMERICA,

                          Plaintiff - Appellee,

    versus

MICHAEL ALAN DOUGLAS,

                          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-157)

———————————

Submitted:  June 15, 2005          Decided:  July 5, 2005

———————————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Alan Douglas pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court imposed a guidelines sentence of one hundred months' imprisonment. The court also stated it would impose an identical alternative sentence under 18 U.S.C. § 3553 (2000), treating the guidelines as advisory only, pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005).

Douglas appeals his sentence, contending that the judicially enhanced guidelines sentence was imposed in violation of the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005). Douglas also asserts the alternative sentence enhanced by the court was unreasonable because the court did not "specifically address the factors enumerated in" § 3553(a) and because the court assumed it had "unfettered discretion" when giving an alternative sentence.

We have conducted an independent review of the record and find these contentions to be meritless. We further conclude that because the alternative discretionary sentence was identical to the sentence imposed under the federal sentencing guidelines as they existed at the time, any error in the imposition of the sentence

- 2 -

was harmless.  See United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005) (error did not affect substantial rights when court indicated it was content with the guidelines range and sentence). Therefore, we affirm Douglas' sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED